# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **VIENGSAMAY HOUSE;** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 1:21-cv-00125** |
| ) | |
| **NEW YORK LIFE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW Plaintiff VIENGSAMAY HOUSE, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

### I. PARTIES

1. The Plaintiff, Viengsamay House (hereinafter "House"), is over the age of nineteen (19) years and a resident citizen of the State of Florida.

2. The Defendant, New York Life Insurance Company, is a corporation doing business in Alabama.

### II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states, and the

amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interests and costs. House is a resident citizen of the State of Florida. New York Life Insurance Company is a corporation doing business in Alabama.

4. The United States District Court for the Southern District of Alabama is the proper venue for this civil action pursuant to 28 U.S.C. § 1391 as the acts and omissions giving rise to this civil action occurred within this judicial district.

### III.   FACTS

5. The deceased, John E. Coleman (hereinafter "Coleman"), entered into a contract with the Defendant New York Life Insurance Company for ROTH IRA account(s) identified by account numbers XXXX7905; XXXX6833; and/or XXXX7906. Coleman named the Plaintiff House as the primary beneficiary in the ROTH IRA account(s).

6. The deceased, Coleman, entered into the agreement in Alabama and placed funds with Defendant New York Life Insurance Company to be held in a ROTH IRA account(s) also known as a Mainstay account(s).

7. Plaintiff, House, was the primary beneficiary on the above-referenced account(s). As such, House is a third-party beneficiary of the contract between Coleman and Defendant New York Life Insurance Company that lists her as the primary beneficiary.

8. As the primary beneficiary of the ROTH IRA, Plaintiff House is a third-party beneficiary of the contract and was entitled to payment of benefits under said contract upon Coleman's death.

9. On or about August 23, 2014, Coleman died in a private airplane crash. At the time of his death, the ROTH IRA listing Plaintiff, House, as the primary beneficiary was still an open and active account(s) with no change in beneficiary.

10. On or about October 10, 2014, Defendant submitted a letter to House via an erroneous address advising Plaintiff that she was the beneficiary under said accounts. Plaintiff did not receive notice of said letter until on or about March 2021.

11. Plaintiff, House, has requested New York Life Insurance Company pay her the funds held in the ROTH IRA for which she is the named beneficiary.

12. To date, the Defendant New York Life Insurance Company has failed or refused to pay House the proceeds of the account(s).

## IV. CAUSES OF ACTION

### COUNT ONE
### BREACH OF CONTRACT

13. Defendant breached its agreement with the Plaintiff and failed in its duty of fair dealing and good faith owed to Plaintiff by refusing to pay the funds

from the above referenced ROTH IRA account(s) listing her as the sole beneficiary upon Coleman's death.

14. Plaintiff avers that as a direct and proximate result of said breach, Plaintiff was caused to be injured and damaged as she has never been paid the funds from the above referenced ROTH IRA account(s) to which she is legally entitled.

15. Additionally, Defendant New York Life Insurance Company was unjustly enriched in not paying to the Plaintiff the proceeds as it has retained the funds and the open account(s) to its benefit.

WHEREFORE PREMISES CONSIDERED, Plaintiff hereby demands of the Defendant, New York Life Insurance Company that it pay to the Plaintiff an amount to be determined by a struck jury, plus costs and interest, as well as any equitable relief available to the Plaintiff.

## V.   **JURY DEMAND**

16. Plaintiffs demand a trial by struck jury.

WHEREFORE PREMISES CONSIDERED, Plaintiff hereby demands of the Defendant, New York Life Insurance Company pay to the Plaintiff said amount to be determined by a struck jury, plus costs and interest, as well as any equitable relief available to the Plaintiff.

Dated: March 22, 2021

*/s/ Kirby D. Farris*
Kirby D. Farris (ASB-2224-R78K)
**FARRIS, RILEY & PITT, L.L.P.**
1700 The Financial Center
505 20th Street North
Birmingham, AL 35203
P: (205) 324-1212
kfarris@frplegal.com


*/s/ Jessica M. Zorn*
Jessica M. Zorn (ASB-7200-Z21G)
**FARRIS, RILEY & PITT, L.L.P.**
1700 The Financial Center
505 20th Street North
Birmingham, AL 35203
P: (205) 324-1212
jzorn@frplegal.com

---

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

New York Life Insurance Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

---