IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **VIENGSAMAY HOUSE,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:21-00125-KD-M** |
| | ) | |
| **NEW YORK LIFE INSURANCE** | ) | |
| **COMPANY,** | ) | |
|     **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion to transfer venue to the Northern District of Florida (Pensacola Division) (Doc. 7) and Defendant's Response in support (Doc. 11).

On March 22, 2021, Plaintiff Viengsamay House (House) initiated this diversity subject matter litigation against New York Life Insurance Company (New York Life) asserting a claim for breach of contract based on her allegation that she is the primary beneficiary to a ROTH IRA account with New York Life (MainStay Accounts), which had been previously entered into by a deceased individual, John E. Coleman (the decedent). (Doc. 1). House contends that New York Life breached its agreement and failed in its duty of fair dealing and good faith by refusing to pay the funds from the ROTH IRA account to her, even though she is the primary beneficiary. (Id. at 3-4). For purposes of filing the breach of contract case in this Court based on federal diversity, House's Complaint alleged that she is a resident citizen of the State of Florida, New York Life is a corporation which does business in Alabama, and that the acts giving rise to this civil action occurred within this judicial district. (Id. at 1-2).

On May 4, 2021, House moved to transfer venue of this case to the Northern District of Florida, Pensacola Division, based on 28 U.S.C. § 1404(a). (Doc. 7). Per House:

> It would be more convenient – and more affordable – for the parties and witnesses if this case were to be adjudicated in the Northern District of Florida. The Pensacola

> Division of that court would have greater power to compel unwilling witnesses, as it is situated closer to the location of the witnesses. Based on a totality of the circumstances, including the consent of a representative of the Defendant to this requested transfer, a § 1404 venue transfer analysis under the factors above would support the transfer of this case within this Court's discretion.
>
> There are no legal or procedural deficits concerning the proposed transferee court. The Northern District of Florida, Pensacola Division, is a proper venue for this civil action pursuant to 28 U.S.C. § 1391, as undersigned counsel's preliminary investigation reveals that many relevant acts or omissions occurred within that judicial district, and many (or all) of the pertinent witnesses live in the Northern District of Florida. Further, upon information and belief, the Northern District of Florida, Pensacola Division, may properly exercise personal and subject matter jurisdiction over this civil case.

(Id. at 2-3).

In response, on May 12, 2021, New York Life agrees to the transfer of venue of this case.

In so doing, New York Life adds further that:

> Certain family members of the Decedent (the "Competing Claimants") have also asserted claims to Death Benefits. Upon information and belief, none of the Competing Claimants reside in Alabama.
>
> As a result of multiple actual or potential claims to the Death Benefits, the Company is legally and factually unable to determine to whom the Death Benefits should be paid and will be joining all claimants as necessary parties to the litigation and seeking relief in interpleader.
>
> ***
>
> In the case at hand, transfer of the matter to United States Court for the Northern District of Florida is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in that district. During all times relevant, the Decedent was a citizen of Okaloosa County, Florida. He applied for and was issued the MainStay Accounts, and conducted all transactions related to the MainStay Accounts while a citizen of Florida. The Decedent died on or about August 23, 2014 in Okaloosa County, Florida. Therefore, the facts giving rise to the adverse claims in this matter all occurred in the State of Florida, such that transfer to the Northern District of Florida is proper.
>
> Moreover, the Plaintiff herself lives in Florida and several of the Competing Claimants live in Florida.
>
> The Plaintiff and the Company have both consented to the transfer of the matter to the Northern District of Florida, where it would be convenient to all parties and witnesses in the matter as well as the locus of operative facts.

(Doc. 11 at 1-2).

As this Court summarized in Strong v. C.R. England, Inc., 2015 WL 8756992, *1-2 (S.D. Ala. Dec. 14, 2015):

> Questions of venue in the district courts are governed by statute. 28 U.S.C. § 1391. Per 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district court in which the action could have originally been filed, "[f]or the convenience of parties and witnesses." Section 1404(a) is intended to place discretion in the district court "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation omitted). As explained in Credit Bureau Servs., Inc. v. Experian Info. Solutions, Inc., 2012 WL 6102068, *22-23 (S.D. Fla. Dec. 7, 2012) (citations omitted):
>
>> The transfer statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or divisions where it might have been brought." The proponent of a transfer of venue bears the burden of demonstrating entitlement....
>>
>> Courts employ a two-step process to analyze whether a motion for transfer should be granted.... First, the court must assess whether the action could have been brought in the venue to which transfer is sought....Second, the court determines whether convenience and the interest of justice "require transfer to the requested forum." ...Courts have broad discretion in determining whether a case should be transferred under this provision....
>>
>> An action "might have been brought" in any court that has subject matter jurisdiction, where venue is proper and where the defendant is amenable to process issuing out of the transferee court...
>>
>> .....the Court focuses its analysis on...convenience and interest of justice. In doing so, the Court takes into consideration the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.
>
> Section 1391(b) specifies where a case could have been filed. Specifically, "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if

      all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Additionally, "'The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion.' *Trace-Wilco*, 2009 WL 455432, at *1 (citing *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991))." Zurich American Insurance Company v. Tavistock Restaurants Group, LLC, 2021 WL 1536648, *2 (M.D. Fla. Mar. 4, 2021).

    First, the Court finds that the action could have been brought in the venue to which transfer is sought -- the Northern District of Florida. This conclusion is based on whether the proposed transferee court: 1) has subject matter jurisdiction; 2) venue is proper; and 3) the defendant is amenable to process in that court. Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985). The Court is satisfied that the action could have been brought in the Northern District of Florida, as that the parties allege that such is the location of the contract formation, the purported breach, and where the records and witnesses are located. Additionally, the Northern District of Florida has: 1) has subject matter jurisdiction based on federal diversity, 28 U.S.C § 1332; 2) venue is proper per 28 U.S.C. § 1391(b)(2) as the Northern District of Florida "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[;]" and 3) Defendant New York Life appears amenable to process issuing out of the Northern District of Florida.

    Second, based on the parties' joint representations, these parties agree that convenience and the interest of justice (convenience of witnesses/parties, locus of operative facts, location of

relevant documents/proof, etc.) support transfer to the Northern District of Florida. "[A]side from the plaintiff's own choice of forum, the most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." Bartronics, Inc. v. Power–One, Inc., 510 F.Supp.2d 634, 637 (S.D. Ala. 2007) (internal quotation marks and alteration omitted). Specifically, as alleged: 1) many of the witnesses live in the Northern District of Florida; 2) counsel's preliminary investigation reveals that many relevant acts or omissions occurred within the Northern District of Florida (the decedent was a citizen of Okaloosa County, Florida, the decedent applied for and was issued the MainStay Accounts (and conducted all transactions related to same) while a citizen of Florida, and the decedent died on August 23, 2014 in Okaloosa County, Florida) -- also suggesting that the relevant documents are in the Northern District of Florida; 3) the parties assert the Northern District of Florida would be more convenient; 4) as alleged, the locus of operative facts are in the Northern District of Florida; 5) House resides in Florida; 6) as alleged, the competing claimants reside in the Northern District of Florida; 7) the motion is unopposed; and 8) given the foregoing -- with an eye towards trial efficiency and the interests of justice -- based on the totality of the circumstances the Northern District of Florida appears to be the proper venue. The Court notes further, that while House originally asserted that venue was proper in this Court (Doc. 1), such assertion was apparently based on an initial faulty conclusion that the acts/omissions occurred in this district, but now "undersigned counsel's preliminary investigation reveals that many relevant acts or omissions occurred within that judicial district, and many (or all) of the pertinent witnesses live in the Northern District of Florida." (Doc. 7 at 3).

Moreover, the Court notes that House filed her action in this Court -- the Southern District of Alabama. Although this Court recognizes that normally a plaintiff's choice of forum should be shown a good deal of deference, First Financial Bank v. CS Assets, LLC, 2009 WL 1211360, *5

(S.D. Ala. May 4, 2009), in this case, House's choice is much less persuasive in light of the fact that she now agrees to transfer venue to the Northern District of Florida.

Thus, upon consideration, it is **ORDERED** that House's *unopposed* motion to transfer venue (Doc. 7) is **GRANTED** and that this action is hereby **TRANSFERRED** to the Northern District of Florida (Pensacola Division).

**DONE and ORDERED** this the **8th** day of **June 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**